ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| DEPARTAMENTO DE LA FAMILIA, Peticionaria, v. SERVIDORES PÚBLICOS UNIDOS DE PUERTO RICO (AFSCME), Recurrida. | KLCE202401045 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. Civil núm.: SJ2024CV02596. Sobre: impugnación o confirmación de laudo. |
|---|---|---|

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de octubre de 2024.

El Departamento de la Familia, parte peticionaria, nos solicita que revoquemos la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 7 de agosto de 2024, notificada al día siguiente. Mediante esta, el foro primario declaró sin lugar el recurso de revisión judicial del laudo de arbitraje L-24-006[1]. Como corolario de lo anterior, confirmó que procede el pago de un diferencial por condiciones extraordinarias a favor de la parte recurrida, el señor José R. Díaz Casiano, representado por la Unión de Servidores Públicos Unidos de Puerto Rico (SPU), también conocida como AFSCME, por sus siglas en inglés.

Examinada la petición, sus anejos, así como la oposición de la parte recurrida, este Tribunal **deniega** la expedición del auto.

I

El 15 de enero de 2020, el señor Diaz presentó una solicitud de quejas y agravios ante la Comisión Apelativa del Servicio Público (CASP). En lo pertinente, alegó que, desde el 1ro de julio de 2011, hasta el 30 de

---

[1] *Véase*, Regla 32(d) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, que dispone para la revisión de una sentencia final del Tribunal de Primera Instancia relacionada con un laudo de arbitraje, mediante la presentación de un recurso discrecional de *certiorari*. Véase, además, *Aut. Puertos v. HEO,* 186 DPR 417, 426 (2012).

Número identificador

RES2024_____

junio de 2019, ocupó un puesto de carrera como *asistente de servicios*[2], mientras realizaba funciones como *agente comprador I*[3]. En virtud de lo anterior, sostuvo que, al no pagarle un diferencial por razón de condiciones extraordinarias, el Departamento de la Familia, agencia que le empleaba, violó el convenio colectivo con la SPU y la legislación aplicable.

Tras varias incidencias procesales, el 28 de julio de 2022, se celebró una vista durante la cual las partes acordaron que la controversia a dilucidar era una estrictamente de derecho. Por tanto, renunciaron a las vistas de arbitraje y solicitaron que se dispusiera del caso mediante memorandos de derecho. Ante ello, el caso quedó sometido para adjudicación el 29 de agosto de 2022.

Así las cosas, el 15 de febrero de 2024, la CASP emitió y notificó el laudo de arbitraje L-24-0006 y emitió las siguientes determinaciones de hechos[4]:

> El Sr. José R. Díaz Casiano labora en el Departamento de la Familia ocupando la posición regular de carrera de "Asistente de Servicios", adscrito a la Región de Guayama.
>
> El Sr. José R. Díaz Casiano solicitó al Departamento de la Familia un pago de diferencial por condiciones extraordinarias por este realizar funciones de "Agente Comprador I" por el período comprendido de 1 de julio de 2011 a 30 de junio de 2019.
>
> El Sr. José R. Díaz Casiano, desde el 30 de junio de 2019 dejó de realizar dichas funciones extraordinarias.
>
> Mediante misiva fechada al 1 de noviembre de 2019, el Departamento de la Familia informa al Sr. Díaz Casiano la determinación de la Oficina de Gerencia y Presupuesto (OGP), de denegarle la petición presupuestaria relacionada al pago del diferencial por las funciones extraordinarias solicitado y le apercibió de su derecho a recurrir a la Comisión Apelativa del Servicio Público (CASP).
>
> Luego de la denegatoria antes mencionada, el Sr. Díaz Casiano presentó la Queja de epígrafe el 15 de enero de 2020.
>
> Además, la CASP consignó los documentos que quedaron

estipulados, entre ellos, la certificación de disponibilidad de fondos por

---

[2] *Véase*, apéndice del recurso, a las págs. 214-217.

[3] *Íd.*, a las págs. 219-220.

[4] *Íd.*, a la pág. 25.

parte de la agencia recurrente para el pago del diferencial[5]. Finalmente, concluyó que, contrario a la postura del Departamento de la Familia, la Ley Núm. 66-2014, según enmendada, intitulada *Ley Especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto Rico*, 3 LPRA sec. 9101, *et seq.*, y la Ley Núm. 3-2017, según enmendada, intitulada *Ley para Atender la Crisis Económica, Fiscal y Presupuestaria para Garantizar el Funcionamiento del Gobierno de Puerto Rico*, 3 LPRA sec. 9391, *et seq.*, no podían aplicársele a lo hechos del caso debido a que tales estatutos no existían al momento en que el señor Díaz Casiano comenzó a ejercer las funciones de comprador. En virtud de lo anterior, determinó que el Departamento de la Familia le adeudaba al señor Diaz Casiano el diferencial de salario por condiciones extraordinarias, a partir del 3 de julio de 2012, hasta el 7 de junio de 2017, período de vigencia del convenio colectivo aplicable. Por tanto, ordenó que se procediera con el referido pago.

Inconforme con la determinación emitida por la CASP, el 18 de marzo de 2024, el Departamento de la Familia presentó una solicitud de revisión judicial de laudo de arbitraje ante el Tribunal de Primera Instancia. En lo pertinente, arguyó que las cláusulas económicas de los convenios colectivos eran inaplicables durante la mayor parte del periodo reclamado. De la anterior, excluyó el período en que no existían estatutos que prohibieran el pago del diferencial. Finalmente, sostuvo que el árbitro incidió al sostener en su laudo que se habían dado las circunstancias especiales por las cuales sí se pueden pagar diferenciales, para las que provee la Ley Núm. 66-2014, 3 LPRA sec. 9117*,* sin que se presentara prueba a esos efectos. En específico, al aludir a que el desempeño del señor Diaz Casiano resultó en un ahorro neto, eliminando la necesidad de reclutamiento de un empleado adicional.

El 27 de junio de 2024, la parte peticionaria presentó su oposición al referido recurso. En esencia, planteó que, de conformidad con el convenio

---

[5] *Véase*, apéndice del recurso, a las págs. 25-26.

colectivo, la legislación aplicable y la Carta Circular Núm. 117-14 del 1 de julio de 2014, las agencias tenían la obligación de cumplir con el pago del diferencial[6]. Resaltó que la agencia incluso reconoció tener los fondos para ello.

El 8 de agosto de 2024 el Tribunal de Primera Instancia notificó a las partes su sentencia, en la que declaró sin lugar la solicitud de revisión. En lo pertinente, estuvo de acuerdo con el análisis en cuanto a la no aplicabilidad de las Leyes Núm. 66-2014 3 LPRA sec. 9101, *et seq.*, y Núm. 3-2017, 3 LPRA sec. 9391, *et seq.*

Inconforme con la determinación del Tribunal de Primera Instancia, el 23 de agosto de 2024, la parte peticionaria compareció y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al confirmar el Laudo de Arbitraje L-24-006 cuando es contrario a derecho al no aplicar la prohibición de los pagos de diferencial en salario por condiciones extraordinarias o por interinatos que dispone la Ley Núm. 66-2014.

> Erró el Tribunal de Primera Instancia al concluir "que el tiempo que el querellante estuvo haciendo las funciones del otro puesto" cumple con la excepción contenida en la Ley Núm. 66-2014 sobre el pago de los diferenciales por condiciones extraordinarias, en ausencia de evidencia de que el diferencial resultó en un ahorro neto.

Por su parte, el 15 de otubre de 2024, la recurrida presentó su oposición a la expedición del *certiorari*. En síntesis, arguyó que la determinación emitida por el árbitro y luego confirmada por el Tribunal de Primera Instancia no se apartaba de las normas aplicables de derecho. A su vez, sostuvo que nada en el expediente demostraba que el foro *a quo* hubiera abusado de su discreción. Ante ello, resaltó que no se reunía los requisitos consignados en la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, para que procediera la expedición del auto de *certiorari*.

Con el beneficio de la comparecencia de las partes, resolvemos.

---

[6] La referida carta establece las disposiciones para la implementación inmediata del Capítulo II, sobre control de gastos en entidades de la rama ejecutiva, de la Ley Núm. 66-2014, 3 LPRA sec. 9101, *et seq.* En específico, la aplicación del Art. 11 del referido estatuto cuando se tratara de empleados que pertenecieran a uniones de trabajadores. *Véase*, 3 LPRA sec. 9117.

II

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa

etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

De otra parte, en nuestro ordenamiento jurídico la revisión de un laudo de arbitraje se limitará a las instancias en las cuales quede demostrada la existencia de **fraude, conducta impropia del árbitro, falta del debido proceso de ley, ausencia de jurisdicción, omisión de resolver todas las cuestiones en disputa o que el laudo sea contrario a la política pública.** *Aut. Puertos v. HEO,* 186 DPR 417, 427 (2012). No obstante, la referida norma de autolimitación encuentra excepción cuando las partes pactan que los laudos de arbitraje serán emitidos conforme a derecho. *Íd.* Ante este tipo de situación los Tribunales vienen llamando a realizar una revisión judicial más incisiva y podrán corregir errores jurídicos en referencia al derecho aplicable. *Íd.*

III

Según discutimos la parte peticionaria nos solicita que revisemos y revoquemos la determinación del Tribunal de Primera Instancia mediante la cual declaró sin lugar la solicitud de revisión del laudo de arbitraje emitido por la CASP el 15 de febrero de 2024. Evaluadas las posturas de las partes, el expediente y sus anejos concluimos que no concurre criterio alguno de los establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Ello, pues del expediente no surge un abuso de discreción atribuible al Tribunal de Primera Instancia, así como **tampoco error de derecho alguno, que amerite que dejemos sin efecto la sentencia emitida**. Por tanto, al considerar los aspectos en los que el foro *a quo* fundamentó su pronunciamiento y la norma que regula el ejercicio de sus funciones en la materia concernida, ninguna falta podemos atribuir a su gestión.

IV

Examinada la petición, sus anejos, así como la oposición de la parte recurrida, este Tribunal **deniega** la expedición del auto.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones